# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SANDRA R. CORUM,

       Appellant,

     v.

UNITED STATES POSTAL SERVICE,

       Agency.

DOCKET NUMBERS
DC-0353-06-0728-X-1
DC-0353-06-0728-C-1

DATE: March 31, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sandra R. Corum, Manassas, Virginia, pro se.

LaDonna L. Griffith-Lesesne, Esquire, Landover, Maryland, for the
   agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

This compliance proceeding was initiated by the appellant's March 14, 2014 petition for enforcement of the Board's July 10, 2012 Opinion and Order in *Corum v. U.S. Postal Service*, MSPB Docket No. DC-0353-06-0728-I-1. On September 6, 2016, the Board issued a nonprecedential order finding the agency

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

in partial noncompliance with the July 10, 2012 Opinion and Order. *Corum v. U.S. Postal Service*, MSPB Docket No. DC-0353-06-0728-C-1, Order (Sept. 6, 2016); *Corum v. U.S. Postal Service*, MSPB Docket No. DC-0353-06-0728-C-1, Compliance Petition for Review (CPFR) File, Tab 10, Compliance Order (CO). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2       On July 26, 2006, the appellant filed an appeal alleging improper denial of her request for reinstatement following a compensable injury. *Corum v. U.S. Postal Service*, MSPB Docket No. DC-0353-06-0728-I-1, Initial Appeal File (IAF), Tab 1 at 3-4. On April 12, 2007, the administrative judge issued an initial decision dismissing her appeal for lack of jurisdiction. IAF, Tab 25, Initial Decision. Following the appellant's petition for review, the Board issued a July 10, 2012 Opinion and Order reversing the denial of jurisdiction, finding that the agency arbitrarily and capriciously denied her restoration, and ordering the agency to conduct a proper job search. *Corum v. U.S. Postal Service*, MSPB Docket No. DC-0353-06-0728-I-1, 118 M.S.P.R. 288 (2012); *Corum v. U.S. Postal Service*, MSPB Docket No. DC-0353-06-0728-I-1, Petition for Review File, Tab 7, Opinion and Order.

¶3       On March 14, 2014, the appellant filed a petition for enforcement of the Board's July 10, 2012 Opinion and Order. *Corum v. U.S. Postal Service*, MSPB Docket No. DC-0353-06-0728-C-1, Compliance File (CF), Tab 1. On November 6, 2015, the administrative judge issued a compliance initial decision finding the agency in compliance with the Board's July 10, 2012 Opinion and Order. CF, Tab 30, Compliance Initial Decision.

¶4       On December 9, 2015, the appellant filed a petition for review of the compliance initial decision, challenging only the administrative judge's findings on the appellant's restored annual leave and the calculation of her overtime back

pay. CPFR File, Tab 1. On September 6, 2016, the Board issued a nonprecedential order affirming the compliance initial decision in part and reversing the decision in part. CO. The Board found the agency in compliance regarding the restored annual leave, but not in compliance for the appellant's overtime back pay because it failed to consider a similarly situated employee in calculating the overtime back pay.[2] CO at 5-9. The Board referred the matter to the Office of General Counsel to obtain compliance.

## ANALYSIS

¶5        The Board's September 6, 2016 Order instructed the agency to recalculate the appellant's overtime back pay and include in its calculations the overtime hours of an employee similarly situated to the appellant who was not considered in the agency's original overtime calculation. CO at 8-9. On November 4, 2016, the agency submitted a pleading demonstrating that it had recalculated the appellant's overtime back pay and included the overtime hours of the previously excluded similarly situated employee in its calculations. *Corum v. U.S. Postal Service*, MSPB Docket No. DC-0353-06-0728-X-1, Compliance Referral File (CRF), Tab 2 at 4-6. On November 14, 2016, the agency submitted a supplemental pleading demonstrating that it paid the recalculated overtime back pay to the appellant.[3] CRF, Tab 3 at 4-7. On May 22, 2018, the Board noted that the agency appeared to have changed its methodology for calculating the appellant's overtime back pay beyond what was ordered and directed the agency to explain its change. CRF, Tab 5 at 2-3.

---

[2] The Board's September 6, 2016 Order is incorporated into this Final Order by reference.

[3] On June 6, 2018, the agency submitted a second supplemental pleading indicating that interest on the recalculated overtime back pay was paid to the appellant on November 18, 2016, and that the agency had simply neglected to inform the Board of the interest payment at that time. CRF, Tab 7 at 4-13.

¶6      On June 1, 2018, the agency submitted a pleading explaining that when it previously attempted to pay the appellant funds for overtime back pay on February 6 and August 1, 2014, it calculated the funds for the payment based on a mistaken belief about the appellant's position. CRF, Tab 6 at 4-6. The agency also indicated, however, that this mistake eventually led to the appellant being paid for significantly more overtime hours for the time period of the 24th pay period of 2008 through the year 2013 than she otherwise would have been entitled to, had the agency used the proper methodology for determining her overtime back pay.[4] *Id.* at 5-6. The agency stated that, because its incorrect methodology led to the appellant receiving significantly more funds than she otherwise would have been entitled to, it believed it was in compliance concerning the funds owed to the appellant for her overtime back pay for that time period. *Id.* On June 15, 2018, the appellant submitted a reply to the agency's June 1 and June 6, 2018 responses, and in that reply, the appellant argued that the agency was not in compliance because it utilized the aforementioned incorrect methodology to determine her overtime back pay. CRF, Tab 8 at 1-2.

¶7      When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Id.*, ¶ 6. An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported

---

[4] The agency's original, incorrect calculation led to her receiving approximately 338 hours of overtime back pay, whereas its revised calculation would have resulted in her only being paid for approximately 126 hours of overtime back pay. CRF, Tab 6 at 5-6.

assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).  A careful review of the agency's latest submission shows that the agency has now reached full compliance.  Viewed together with the agency's narrative statements, the agency's submitted documentation demonstrates that the agency properly calculated the appellant's overtime back pay using the correct comparators and paid the appellant an amount at least equal to what it owed her, along with interest.  While the agency ultimately did not use the correct method to determine the appellant's overtime back pay, its error resulted in her earning more overtime back pay than she otherwise would have received under the proper methodology, and thus leads to the conclusion that the agency was in compliance with the requirement to pay her the correct amount of overtime back pay owed.  Therefore, we find that the agency is now in full compliance with the Board's July 10, 2012 Opinion and Order.

¶8        Accordingly, the Board finds that the agency is in compliance and dismisses the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(b) (5 C.F.R. § 1201.183(b)).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.